IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

NICHOLAS WELLS, #207770,     )
                                     )
         Plaintiff,       )
                                     )
     v.                       )       CIVIL ACTION NO. 2:03-CV-72-F
                                     )              WO
                                     )
KATHY KYZAR, *et al.,*        )
                                     )
         Defendants.   )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Nicholas Wells ("Wells"), a state inmate, asserts that the defendants violated his constitutional rights by failing to provide him with adequate medical treatment during his confinement in the Covington County Jail. The plaintiff names Kathy Kyzar, a nurse employed by the Covington County Jail, Teddie Rae Motley, former chief jailer of the Covington County Jail, Anthony Clark, the Sheriff of Covington County, and Terry Kyzar, a public health environmental supervisor for the Covington County Health Department, as defendants in this cause of action.

The defendants filed special reports and supporting evidentiary materials addressing the plaintiff's claims for relief. Pursuant to the orders entered herein, the court deems it appropriate to treat these special reports as motions for summary judgment. *See Order of April 21, 2003 - Court Doc. No. 12* and *Order of March 9, 2004 - Court Doc. No. 36.* Thus, this case is now pending on the defendants' motions for summary judgment. Upon

consideration of such motions, the evidentiary materials filed in support thereof and the plaintiff's responses in opposition to the motions, the court concludes that the defendants' motions for summary judgment are due to be granted.

## I.  FACTS

On October 19, 2002, law enforcement officials arrested the plaintiff on various criminal charges and placed him in the Covington County Jail.   During his intake screening, Wells advised that he did not suffer from any illness or medical condition and specifically stated that he did not have a sexually transmitted disease.  *Covington County Jail Defendants' Exhibit 1* at 20 - *Medical Screening Form for Nicholas Wells*.  Wells subsequently complained to defendant Kathy Kyzar of a "drip" from his penis.  *Affidavit of Kathy Kyzar* at 2; *Jail Defendants' Exhibit 1* at 15 - *November 18, 2002 Nursing Data Base*.  Based on the plaintiff's complaint, nurse Kyzar referred Wells to the Covington County Health Department for appropriate tests.  *Id*.  Jail personnel transported the plaintiff to the Covington County Health Department on December 10, 2002 and a health department nurse tested Wells for sexually transmitted diseases pursuant to applicable protocol. *Exhibit C to the Special Report of Terry Kyzar - Affidavit of Greg Locklier.*  On December 12, 2002, Wells reported to the jail's medical clinic complaining of an injury to his right thumb and back pain.  *Affidavit of Kathy Kyzar* at 2; *Jail Defendants' Exhibit 1* at 17.   However, at this time, Wells did not make any complaint with respect to penile discharge.  *Affidavit of Kathy Kyzar* at 2; *Jail Defendants' Exhibit 1* at 17.  Nurse Kyzar

2

examined the plaintiff and prescribed Aleve for his complaints. *Id*. On December 19, 2002, the health department advised officials at the Covington County Jail that the plaintiff's "test results [were] negative" for a possible sexually transmitted disease. *Jail Defendants' Exhibit 1* at 16 - *Information Form on Nicholas Wells*.

On January 9, 2003, Wells reported to the medical clinic complaining of "penile discharge [which] burns on urination." *Jail Defendants' Exhibit 1* at 17. Nurse Beck evaluated the plaintiff's condition and referred him to Dr. Millard McWhorter for treatment. Dr. McWhorter examined Wells, diagnosed him with Trichomonous/Chlamydia, and prescribed antibiotics for treatment of this condition. *Id*. at 18 - *January 9, 2003 Doctor's Information Form*. Wells made no further complaints to jail personnel with respect to penile discharge.

## II.  STANDARD OF REVIEW

To survive the defendants' properly supported motions for summary judgment, the plaintiff is required to produce some evidence based on personal knowledge which would be admissible at trial supporting his constitutional claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. A plaintiff's conjectural and conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a

plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all admissible evidentiary materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, entry of summary judgment is appropriate. *Celotex*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, the plaintiff has failed, after being an opportunity to do so, to establish that there is a genuine issue as to a material fact in order to preclude summary judgment.

### III.  DISCUSSION

The plaintiff contends that defendants Kathy Kyzar, Teddie Rae Motley and Anthony Clark failed to administer appropriate medical treatment for his penile discharge during his incarceration in the Covington County Jail. He asserts that "[t]his is an action for malpractice." *January 13, 2004 Amendment to the Complaint* at 1. Wells further complains that Terry Kyzar "indicated negative results" from the test performed at the

Covington County Health Department "which led to the medical neglect[] . . . that occurred at the Covington County Jail." *Amendment to the Complaint, supra*. It appears from the pleadings filed in this case that the actions which form the basis for the instant complaint occurred during the plaintiff's incarceration in the Covington County Jail as both a pretrial detainee and a convicted inmate. Thus, with respect to those claims arising while Wells was a pretrial detainee, the Fourteenth Amendment, rather than the Eighth Amendment, provides the appropriate standard for assessing whether conditions of confinement are violative of the Constitution. *See Bell v. Wolfish*, 441 U.S. 520 (1979). However, for analytical purposes there is no meaningful difference between the analysis required by the Fourteenth Amendment and that required by the Eighth Amendment. *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985).

In order to prevail on either an Eighth Amendment or Fourteenth Amendment claim concerning an alleged denial of adequate medical treatment, an inmate must, at a minimum, show that responsible officials acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Aldridge v. Montgomery*, 753 F.2d 970, 972 (11th Cir. 1985). Jail officials and medical personnel may be held liable under these applicable constitutional amendments for acting with "deliberate indifference" to an inmate's health when the responsible party knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate

5

it.  *Farmer v. Brennan*, 511 U.S. 825 (1994).   The Supreme Court has repeatedly emphasized that not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth [or Fourteenth] Amendment."  *Estelle,* 429 U.S. at 105; *Mandel v. Doe,* 888 F.2d 783, 787 (11th Cir.1989).  Medical treatment provided to prisoners constitutes deliberate indifference and violates the Constitution only when it is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."  *Rogers v. Evans,* 792 F.2d 1052, 1058 (11th Cir. 1986).  It is likewise well settled that mere incidents of negligence or malpractice do not rise to the level of constitutional violations.  *See Estelle,* 429 U.S. at 106; *Mandel,* 888 F.2d at 787-788; *Waldrop v. Evans,* 871 F.2d 1030, 1033 (11th Cir. 1989).  "Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." *Harris v. Thigpen,* 941 F.2d 1495, 1505 (11th Cir. 1991); *see also Hamm*, 774 F.2d at 1567; *Waldrop*, 871 F.2d at 1033.

### A.  The Claims Against Terry Kyzar

In compliance with the orders of this court, defendant Terry Kyzar filed a written report addressing the claims for relief presented against him in the plaintiff's amendment to the complaint.  Specifically, this defendant maintains that his duties with the Covington County Health Department do not include any "responsibility in regard to medical care or

treatment of inmates at any jail or correctional facility." *February 23, 2004 Report of Defendant Terry Kyzar* at 1.  His "only responsibility in regard to jails relate to sanitary inspections and reporting such findings and recommendations to the county commission. Jail inspections do not involve the medical care or treatment of inmates." *Exhibit A to the Special Report of Terry Kyzar - Affidavit of Terry Kyzar*.  On December 10, 2002, a nurse for the health department "examined and tested [Wells] for sexually transmitted diseases according to the department's STD protocol manual." *Exhibit C to the Special Report of Terry Kyzar - Affidavit of Greg Locklier*.  "Terry Kyzar did not participate in any way in the medical examination or testing of Wells." *Id*.  It is therefore clear that Terry Kyzar had no involvement with the test performed by the health department nor the department's disclosure of the test results to jail officials.

The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivation. *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988).  The plaintiff has failed to come forward with any facts or materials which would be admissible in evidence demonstrating existence of a causal connection between Terry Kyzar and the course of medical treatment chosen by jail officials.  The plaintiff's self-serving, suppositious and conclusory allegation that Terry Kyzar reported his test results to jail officials is of little significance and fails to overcome this defendant's properly supported motion for summary judgment.  *See* Rule 56(e), *Federal Rules of Civil Procedure*.  Consequently, the requisite causal connection

7

does not exist with respect to actions of defendant Terry Kyzar and the medical treatment provided to the plaintiff at the Covington County Jail.  Moreover, to the extent Wells maintains that Terry Kyzar is liable for the actions of other employees of the Covington County Health Department due to his supervisory role as an inspector, the plaintiff's claims must likewise fail as a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of respondeat superior or on the basis of vicarious liability. *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Brown v.* Crawford, 906 F.2d 667, 671 (11th Cir. 1990); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986).  In light of the foregoing, the court concludes that the motion for summary judgment filed by Terry Kyzar is due to be granted.

### B.  The Claims Against the Covington County Jail Defendants

The plaintiff's allegation that defendants K. Kyzar, Motley and Clark acted with deliberate indifference to his medical needs is unfounded.  The undisputed records before the court establish that the medical staff of the Covington County Jail performed examinations and evaluations of Wells each time he reported ailments to them.  Upon his initial complaint of penile discharge, nurse Kyzar examined Wells and referred him to the Covington County Health Department for testing to determine whether he suffered from a sexually transmitted disease.  The reported results of this test were negative.  When Wells again complained of penile discharge, nurse Beck evaluated his condition and referred him to the jail's physician for examination.  Dr. McWhorter diagnosed Wells with sexually

8

transmitted diseases and prescribed antibiotics to combat the diseases.  Wells presents no evidence which demonstrates that defendants Kathy Kyzar, Teddie Rae Motley or Anthony Clark in any way disregarded a substantial risk to his health.  Consequently, Wells has failed to establish that these defendants acted with deliberate indifference to his medical needs.  Summary judgment is therefore due to be granted in their favor.  *See Celotex*, *supra.*

## C.  Negligence and Malpractice

With respect to Wells' assertions that the defendants acted in a neglectful manner and committed malpractice, such claims fail to implicate the Constitution.  *See Estelle,* 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Mandel,* 888 F.2d at 787-788 (mere negligence or medical malpractice "not sufficient" to constitute deliberate indifference violative of an inmate's constitutional rights); *Waldrop*, 871 F.2d at 1033 (mere medical malpractice does not establish deliberate indifference such that the Constitution is violated).

To the extent that Wells seeks to proceed on these claims under state tort law, he is likewise entitled to no relief.  Review of these claims is only appropriate upon exercise of this court's supplemental jurisdiction.  In the posture of this case, however, the exercise of such jurisdiction is inappropriate.

> Two factors determine whether state law claims lacking an independent federal jurisdictional basis can be heard in federal court with a federal claim over which the court has jurisdiction.  To exercise pendent jurisdiction [or what is now identified as supplemental jurisdiction] over state law claims not

> otherwise cognizable in federal court, "the court must have jurisdiction over
> a substantial federal claim and the federal and state claims must derive from
> a 'common nucleus of operative fact.'" *Jackson v. Stinchcomb,* 635 F.2d
> 462, 470 (5th Cir.1981) (quoting *United Mine Workers v. Gibbs,* 383 U.S.
> 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). *See generally* C. Wright, A.
> Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3567
> pp. 443-47 (1975).

*L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). The

exercise of supplemental jurisdiction is completely discretionary. *United Mine Workers*

*v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs*

strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*,

735 F.2d at 428. In view of this court's resolution of the federal claims presented by Wells,

his pendent state claims are due to be dismissed. *Gibbs*, 383 U.S. at 726 (if the federal

claims are dismissed prior to trial, the state claims should be dismissed as well); *see also*

*Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982).


## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motions for summary judgment be GRANTED on the federal

claims for relief presented by the plaintiff.

2.  The plaintiff's pendent state claims be dismissed without prejudice.

3.  This 42 U.S.C. § 1983 action be dismissed with prejudice.

4.  The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before May 9, 2005 the parties shall file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of April, 2005.


/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE